UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLARENCE L. DUNSON,

    Plaintiff,

v.

    Case No. 3:11-cv-1143-J-12JBT

DR. L. D. HOANG, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. He names the following employees at Union Correctional Institution (hereinafter UCI) as Defendants: (1) Dr. L. D. Hoang; (2) Nurse Griffith; (3) Nurse Hewitt; (4) T. L. Dicks, the Supervisor of Classification; (5) Mr. Pennaclo, a classification officer; (6) Miss Rainduff; (7) Warden Reddin; and (8) Assistant Warden Jeffco. Plaintiff alleges that he has a shot gun pellet in his left hand and two warts on his left foot. The Complaint is somewhat illegible and not a model of clarity; however, it appears that Plaintiff is claiming the Defendants have been deliberately indifferent to his serious medical needs.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read

Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). First, the plaintiff must satisfy the objective component by showing that he had a serious medical need. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

> "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citation and internal quotations marks omitted).

Brown, 387 F.3d at 1351.

To satisfy the subjective component, a plaintiff must show that the prison official acted with deliberate indifference to his serious medical need. Goebert, 510 F.3d at 1326.

> In Estelle[1], the Supreme Court established that "deliberate indifference" entails more than mere negligence. Estelle, 429 U.S. at 106, 97 S.Ct. 285; Farmer,[2] 511 U.S. at 835, 114 S.Ct. 1970. The Supreme Court clarified the "deliberate indifference" standard in Farmer by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official *knows of* and *disregards an excessive risk to inmate health or safety*; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). In interpreting Farmer and Estelle, this Court explained in McElligott[3] that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott, 182 F.3d at 1255; Taylor,[4] 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

Farrow, 320 F.3d at 1245-46.

Here, it does not appear that Plaintiff has a serious medical need. Even assuming he does, Plaintiff has not alleged any causal connection between the named Defendants and any constitutional deprivation. Furthermore, Plaintiff has not alleged any facts that would support a finding that any prison officials were deliberately indifferent to his medical needs. In fact, the grievances appended to his Complaint demonstrate that he has been repeatedly treated by medical personnel and that he has access to sick call for any medical

---

[1] Estelle v. Gamble, 429 U.S. 97 (1976).

[2] Farmer v. Brennan, 511 U.S. 825 (1994).

[3] McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999).

[4] Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000).

3

issues. Accordingly, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(e)(2)(B).

Plaintiff also filed a pleading entitled, Injunction Motion to Be Transfer [sic] Out of Union Correctional Institution Emeatedly [sic] (Doc. #11) (hereinafter Motion for Injunctive Relief). In his Motion for Injunctive Relief, Plaintiff alleges that he has bean beaten on two occasions by staff members at UCI. He contends that his "kitchen job is a retaliation job," id. at 1, and he is being harassed all the time. He asserts that he does not want to be beaten up again or killed because he initiated this lawsuit. In conclusion, he states, "I would like to be out of this institution befor[e] the holidays!" Id. at 2.

In an Affidavit of Declaration appended to the Motion for Injunctive Relief, Plaintiff alleges that the Defendants have conspired against him and have taken some of his legal materials. Id. at 3-4. Plaintiff also appended an Affidavit of Fact to the Motion for Injunctive Relief, in which he raises claims against other prison officials at Jackson Correctional Institution. Id. at 5-9.

As an initial matter, it appears that Plaintiff is attempting to seek injunctive relief in matters lying outside of the issues and parties of this suit. As noted previously, in the Complaint, Plaintiff claims the Defendants, employees at UCI, have been deliberately indifferent to his serious medical needs. In his Motion for Injunctive Relief, he asserts that he has been beaten by unnamed officers and he fears he will be harmed further. He also alleges the Defendants have conspired against him and have taken some of his legal materials. Finally, he raises claims against prison officials at Jackson Correctional Institution. Thus, Plaintiff is not entitled to the relief he requests because he is attempting

to seek injunctive relief in matters lying outside of the issues raised in this suit. See Bruce v. Reese, 431 Fed.Appx. 805, 806 n.1 (11th Cir. 2011) (per curiam) (not selected for publication in the Federal Reporter) (noting that a request for injunctive relief was properly denied as it was outside the scope of the underlying suit); Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir.) (per curiam) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."), amended on reh'g, 131 F.3d 950 (11th Cir. 1997), cert. denied, 523 U.S. 1138 (1998).

In any event, Plaintiff is not entitled to the relief he seeks.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
>
> > (a) there is a substantial likelihood of success on the merits;
> > (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
> > (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> > (d) the TRO or preliminary injunction would not be averse to the public interest.
>
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001). The movant must clearly establish the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

5

Here, Plaintiff has failed to meet his burden of persuasion as to these four prerequisites for injunctive relief.[5] Accordingly, Plaintiff's Motion for Injunctive Relief will be denied. However, the Court will direct the Clerk to send a copy of this Order to the Secretary of the Florida Department of Corrections for whatever action may be deemed appropriate in light of Plaintiff's allegation that he fears he will be harmed by officials at UCI.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Injunctive Relief (Doc. #11) is **DENIED**.

2. The **Clerk** shall send a copy of this Order to the Secretary of the Florida Department of Corrections for whatever action may be deemed appropriate in light of Plaintiff's allegation that he fears he will be harmed by officials at UCI.

3. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

5. The **Clerk of Court** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to file his claims regarding the alleged beatings in a separate action, he may complete and submit these forms. Plaintiff should not place this case number on the forms.

---

[5] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)). Plaintiff has not alleged any facts that would lead this Court to believe that he is in imminent danger of irreparable injury.

The Clerk will assign a separate case number if Plaintiff elects to initiate a new case regarding the alleged beatings. In refiling, Plaintiff shall **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of November, 2011.

*Howell W. Melton*
United States District Judge

ps 11/23
c:
Clarence L. Dunson

7